UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| IMPACT CNC, LLC, *et al.*, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 1:19-cv-00229-WCL-SLC |
| | ) |
| THE DEPARTMENT OF HOMELAND | ) |
| SECURITY,*an agency of the United States* | ) |
| *Government*, *et al.* | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a motion filed by Plaintiffs (DE 3), requesting that the Court accept the filing of certain redacted exhibits, filed as attachments to Plaintiffs' complaint. Since Defendants have appeared in this case (*see* DE 5; DE 7; DE 9), they have not objected to the motion and their time to do so has now passed. *See* N.D. Ind. L.R. 7-1(d)(2)(A). Therefore, the motion is unopposed.

"Judicial proceedings leading to a final decision and materials on which a judicial decision rests are presumptively in the public domain." *Effinger v. United States*, No. 3:10-cv-383, 2011 WL 5828212, at *1 (S.D. Ill. Nov. 18, 2011) (citing *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Methodist Hosps., Inc. v. Sullivan*, 91 F.3d 1026, 1031 (7th Cir. 1996)). "The public 'at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding.'" *Hale v. State Farm Mut. Auto. Ins. Co.*, No. 1:14-cv-36, 2014 WL 7405761, at *1 (S.D. Ind. Dec. 30, 2014) (quoting *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)). "That interest does not always trump the property and privacy interests of the litigants, but it can be overridden only if

the latter interests predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case." *Id.* (quoting *Cincinnati Ins. Co.*, 178 F.3d at 945); *see* Fed. R. Civ. P. 26(c).

In the motion, Plaintiffs represent that certain exhibits attached to the complaint contain personal information, including Social Security Numbers, taxpayer identification numbers, birth dates, and commercially sensitive proprietary information. (DE 3 ¶ 7). Such information should generally be redacted under Federal Rule of Civil Procedure 5.2(a). However, Plaintiffs concede that this is an immigration case, and so the redaction requirements of Rule 5.2(a) do not apply. (DE 3 ¶ 8); *see* Fed. R. Civ. P. 5.2(b)(5), (c).

Plaintiffs request that the Court accept the redacted filings with respect to sensitive personal information to protect the privacy of the natural persons who are litigants in this case. (DE 3 ¶ 8). Having considered Plaintiffs' reasons, the Court is persuaded that there is good cause to protect this information. *See Hale*, 2014 WL 7405761, at *1 (citation omitted).

With respect to the commercially sensitive information, Plaintiffs represent that the redacted information relates to Plaintiff Impact CNC, LLC's ("Impact") annual income and is limited to the actual dollar values appearing in Impact's financial statements and other business documents. (DE 3 ¶ 9). Plaintiffs state that releasing these actual dollar values to the public will expose Impact's "sales, assets, and liabilities," and undermine its "competitive position on the market place." (DE 3 ¶ 9). For commercially sensitive material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Cook, Inc. v. Boston Sci. Corp.*, 206

F.R.D. 244, 248 (S.D. Ind. 2001). Having considered Plaintiffs' reasons, the Court is satisfied that Plaintiffs have explained how they would be harmed by the release of this information to the public as to warrant redaction. *See Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citation omitted).

Therefore, for the reasons discussed above and because the motion is unopposed, the Court GRANTS Plaintiffs' motion (DE 3), and accepts the redacted exhibits attached to Plaintiffs' complaint (DE 1-1; DE 1-2; DE 1-4; DE 1-6) as filed. However, this Order does not permit the parties to redact or seal any future filings without requesting leave of Court to do so. *See* N.D. Ind. L.R. 5-3.

SO ORDERED.

Entered this 29th day of July 2019.

/s Susan Collins
Susan Collins
United States Magistrate Judge